IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SHAHNAZ POURSAIED,            )
                              )
          Plaintiff,          )
                              )
     v.                       )     1:15CV548
                              )
EEOC, and                     )
CONSTANGY BROOKS & SMITH L.L.P )
                              )
          Defendants.         )
```

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court are the motions to dismiss of Defendants Constangy, Brooks, Smith & Prophete, LLP ("Constangy")[1] (Doc. 6)[2] and the United States Equal Employment Opportunity Commission ("EEOC") (Doc. 15). Defendants challenge the sufficiency of Poursaied's complaint under, among other things, Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docs. 6, 15.) All of the parties' briefs have been submitted, and the matter is now ready for consideration. For the reasons set forth below, Defendants' motions will be granted and the case will be dismissed.

I. BACKGROUND

This case arises out of a dispute between Poursaied, an Iranian citizen with permanent lawful resident status in the United

---

[1] The complaint and case caption incorrectly identify the Defendants as "Constangy Brooks & Smith L.L.P." and "EEOC."

[2] Unless otherwise noted, this and all other record citations refer to case No. 1:15CV548.

States, and Wake Forest University Baptist Medical Center ("WFUBMC"), Poursaied's former employer. In January of 2014, Poursaied filed a charge of discrimination with the EEOC, claiming that WFUBMC mistreated and ultimately fired her because of her nationality and disabilities. (Doc. 1 at 2.) As part of this charge, Poursaied compiled a collection of potentially sensitive information for the EEOC, including copies of her passport and green card. (Id.) Poursaied also instructed her doctors to release to the EEOC medical records pertaining to past psychiatric evaluations and care. (Id.) After receiving a right-to-sue notice from the EEOC, Poursaied filed a *pro se* action for employment discrimination against WFUBMC. (Id. at 3.) Constangy serves as counsel for WFUBMC in that action, which is currently pending in this district as case number 1:14CV784 (the "WFUBMC action").[3]

The present case arises out of Poursaied's displeasure with actions taken by the EEOC and Constangy in connection with discovery related to her WFUBMC action. Specifically, Poursaied alleges that the EEOC released her file to Constangy without her permission. (Doc. 1 at 3.) Poursaied also claims that Constangy sent her a copy of her EEOC file "via unsafe email," and later sent a physical copy through standard mail, where it was ultimately

---

[3] This Court may take judicial notice of its own records without converting a motion to dismiss into one for summary judgment. See Bowden v. Agnew, No. 1:12CV1237, 2013 WL 3545507, at *3 n.2 (M.D.N.C. July 11, 2013).

delivered to her by a handyman at her apartment (Id.)[4] Poursaied alleges that these actions have caused her "serious emotional injury." (Id. at 4.)

After unsuccessfully complaining to the Magistrate Judge in the WFUBMC action, Poursaied filed the complaint in this case. (Id. at 3.) Although her complaint does not articulate all of the legal bases for her lawsuit, she does allege that Constangy and the EEOC violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). (Id. at 4.)[5]

## II. ANALYSIS

Rule 12(b)(6) motions[6] challenge the legal sufficiency of a complaint. Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

---

[4] In her brief, Poursaied also claims that Constangy improperly replied to interrogatories with "vague" responses that referenced her EEOC file without naming specific portions. (Doc. 10 at 3.) These allegations are not mentioned in the complaint, however.

[5] Poursaied's briefs also cite nearly two dozen other authorities, doctrines, and causes of action. (See Doc. 18 at 4-11.) Although the court has carefully considered each of these arguments, this Memorandum Order explicitly addresses only the three theories that warrant discussion.

[6] Constangy also argues that the claims against it should be dismissed due to improper service of process. (Doc. 7 at 15-17.) Although Constangy's argument appears to be meritorious, "the court will not reach that argument since the court can presently dispose of the matter on its merits." Bickley v. U.S. Dep't of Treasury, No. 7:99-CV-00347, 2000 WL 637345, at *1 n.3 (W.D. Va. Jan. 19, 2000), aff'd, 225 F.3d 653 (4th Cir. 2000).

3

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Poursaied first contends that the EEOC violated FOIA by releasing her file to Constangy. (See Doc. 1; Doc. 18 at 2.) FOIA contains only one jurisdictional provision, which grants district courts authority to "enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, in order to state a claim under FOIA, a plaintiff must allege that an agency "(1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" See Kissinger v. Reporters Comm. For Freedom of the Press, 445 U.S. 136, 150 (1980). In addition, the plaintiff must show that she has exhausted her administrative remedies prior to bringing suit. Judicial Watch, Inc. v. U.S. Naval Observatory, 160 F. Supp. 2d 111, 112 (D.D.C. 2001).

Here, Poursaied's complaint fails to state a claim under FOIA. Poursaied does not claim that the EEOC improperly withheld agency records; to the contrary, she readily admits that "this case is not about improperly withheld Records ,IT [sic] IS ABOUT IMPROPERLY DISCLOSED RECORDS BY EEOC." (Doc. 18 at 2.) In addition, the complaint contains no allegations relating to Poursaied's administrative remedies. Accordingly, the complaint fails to state a claim under FOIA.

4

On her civil cover sheet, Poursaied also indicated a claim under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). (Doc. 2.) Poursaied does not cite or reference any specific provision within the ADA, relying on general assertions that that "No disable person should be discriminated [sic]." (Doc. 1 at 5.) The court construes the pleadings of *pro se* litigants liberally, but it "cannot shoulder the full burden of fashioning a viable complaint." Simon v. Shawnee Corr. Ctr., No. 13-521-GPM, 2013 WL 3463595, at *1 (S.D. Ill. July 9, 2013). Regardless, the only ADA provision that appears to be pertinent to this case extends the "powers, remedies, and procedures" of Title VII to individuals claiming discrimination on the basis of disability. See 42 U.S.C. § 12117(a). But Title VII only bars discrimination with regard to employment practices. See id. § 2000e-2. Here, there is no allegation that Poursaied ever worked or applied to work for either the EEOC or Constangy. As a result, the complaint fails to state a claim under the ADA. See id.

Finally, the complaint could be construed as an attempt to invoke the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"). The Privacy Act prohibits agencies from disclosing certain types of records without the consent of the individuals to which those records pertain. See id. § 552a(b). But the Privacy Act also contains two exceptions pertinent to this case. First, the Privacy Act permits agencies to disclose such records "for a

5

routine use." Id. § 552a(b)(3). Routine use is defined as any disclosure "which is compatible with the purpose for which [the record] was collected." Id. § 552a(a)(7). In order to qualify for this exception, the agency must publish notice of the manner in which it will use such records in the Federal Register. Jones v. Runyon, 32 F. Supp. 2d 873, 876 (N.D.W. Va. 1998) (citing 5 U.S.C. § 522a(e)(4)(D)), aff'd, 173 F.3d 850 (4th Cir. 1999). Second, the Privacy Act permits disclosure of information that the agency must disclose pursuant to FOIA. 5 U.S.C. § 552a(b)(2); Greentree v. U.S. Customs Serv., 674 F.2d 74, 76–79 (D.C. Cir. 1982).

Here, the court does not need not to determine whether the EEOC's conduct violated the Privacy Act because Poursaied has not pleaded cognizable damages. The Privacy Act authorizes civil actions by individuals harmed by an agency's "intentional or wilfull" violation of the act. FAA v. Cooper, 132 S. Ct. 1441, 1448–49 (2012) (citing 5 U.S.C. § 522a(g)(4)(A)). But the act only waives sovereign immunity if the plaintiff can prove "actual damages." Id. In the context of the Privacy Act, the term "actual damages" is limited to pecuniary harm and does not include purely mental or emotional harms. Id. at 1452–53. Thus, in order to state a claim under the Privacy Act, a plaintiff must claim some pecuniary loss. See id. Here, Poursaied claims that the EEOC's conduct made her "upset" and caused her "serious emotional injury,"

6

but she does not claim to have suffered any pecuniary harm.  In addition, these documents are material to Poursaied's WFUBMC action, she has not contended that WFUBMC should not have access to them, and the Magistrate Judge in that action has entered a protective order to ensure their confidentiality throughout the proceeding.  (See Doc. 33 in case No. 1:14CV784.)  As a result, Poursaied's complaint fails to state a claim under the Privacy Act.

**III. CONCLUSION**

For the reasons stated, the court finds that the complaint fails to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Defendant Constangy's motion to dismiss (Doc. 6) is GRANTED.

IT IS FURTHER ORDERED that Defendant EEOC's motion to dismiss (Doc. 15) is GRANTED.

IT IS FURTHER ORDERED that Poursaied's complaint (Doc. 1) is DISMISSED.  The dismissal is with prejudice as to all claims except the claim under the Privacy Act against the EEOC, which is dismissed without prejudice.  A judgment dismissing this action will be entered contemporaneously with this Memorandum Order.

A word of caution is in order.  Poursaied is proceeding *pro se,* and the court has considered her non-lawyer status.  However, Poursaied is not entitled to be relieved of the applicable legal standards, rules of procedure, or deadlines.  See Alston v. Becton,

Dickinson & Co., No. 1:12CV452, 2014 WL 338804, at *3 (M.D.N.C. Jan. 30, 2014) ("[*P*]*ro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines."). This includes Rule 11 of the Federal Rules of Civil Procedure, which provides that those who sign and file materials with the court are, by doing so, representing that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). A violation of Rule 11 is subject to sanctions, and "[t]here is . . . no doubt that *pro se* litigants are subject to any and all appropriate sanctions for their misconduct." Zaczek v. Fauquier Cnty., 764 F. Supp. 1071, 1077 (E.D. Va. 1991). This includes *pro se* litigants who file frivolous or repetitive lawsuits. Id. at n.21.

Here, Poursaied raised nearly two dozen arguments in favor of her complaint, most of which are either clearly inapplicable to her situation or based on extralegal authority. (See Doc. 18 at 4-7 (complaining of violations of the Fourth Amendment, the "doctrine of moral rights," "breech [sic] of trust," and actions contrary to the policy goals of the National Alliance on Mental Illness).) Poursaied has also acknowledged that she alleged at least one cause of action without performing any research and

8

despite knowing that no basis existed for such a claim.  (See Doc. 18 at 11.)  Finally, Poursaied admits that she filed this action for the sole purpose of re-litigating arguments that were addressed and rejected by Magistrate Judge Webster in the WFUBMC action. (Doc. 1 at 3; Doc. 34 in case No. 1:14CV784, at 1.)  Poursaied is cautioned that her filings reflect frivolous and repetitive attempts to obtain relief, and she is encouraged to consult legal counsel before she proceeds further.  Any further frivolous arguments or claims will be subject to sanctions, including monetary sanctions.

                                                       /s/   Thomas D. Schroeder
                                                      United States District Judge

November 13, 2015